UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR 81-30007-RAL |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | OPINION AND ORDER |
| | * | DENYING DEFENDANT'S |
| LEIGHTON LEE FAY, | * | MOTION TO DISMISS |
| | * | |
| Defendant. | * | |

## I.   INTRODUCTION

On May 15, 1981, Leighton Lee Fay ("Fay") was convicted of four counts of assault resulting in serious bodily injury, three counts of assault with a dangerous weapon, and one count of assault by striking, beating, or wounding in the United States District Court for the District of South Dakota. Doc. 1 at ¶¶ 59-60. He was sentenced to forty-five years and six months in prison. Doc. 1 at ¶ 63. After conclusion of his direct appeal, Fay filed for post-conviction relief numerous times before federal courts in the District of South Dakota, the Eastern District of Washington, and the District of Kansas. See United States v. Fay, No. CR 81-30007-RAL, 2013 WL 3480897, at *1-2 (D.S.D. July 10, 2013). This Court's previous opinion, Doc. 19,[1] comprehensively outlines Fay's litigation history. This Opinion and Order will not discuss Fay's previous criminal convictions and filings in any more detail than is necessary to resolve the issues presented in this motion.

By this Court's count, Fay has filed two petitions for habeas corpus pursuant to 28 U.S.C. § 2255. Id. He also filed one motion under Federal Rule 60(b) that this Court, in accordance

---

[1] That Opinion and Order is available at Fay, 2013 WL 3480897.

with the procedure outlined in Boyd v. United States, 304 F.3d 813 (8th Cir. 2002) (per curiam), construed as in substance a successive petition for habeas relief pursuant to § 2255. Fay, 2013 WL 3480897, at *4. That motion was dismissed on July 13, 2013, for not receiving the requisite approval before filing a successive habeas petition. Id.

Fay now has filed a Motion Pursuant to Rule 60(d)(3) of the Federal Rules of Civil Procedure. Doc. 29. Fay's motion is difficult to parse, but he presents three general issues, none of which are properly brought under Rule 60(d)(3). First, Fay argues that the Black Hills in Western South Dakota were improperly taken from the Sioux Nation in violation of the Fort Laramie Treaties of 1851 and 1868. Doc. 29 at 1-14. Second, Fay contends that the Bureau of Prisons ("BOP") erred in calculating his sentence. Doc. 29 at 15. He argues that the BOP has not provided him certain "good time" and "extra e[a]rned good time" credit. Doc. 29 at 15-16, 19. Third, Fay alleges problems with his prison employment. He argues that the conditions of his employment in prison are in violation of certain statutes, including the Fair Labor Standards Act's minimum wage requirements. Doc. 29 at 17-19. Fay seeks back pay for those violations. Doc. 19 at 19. Fay also filed a Motion to Append Memorandum of Law and Legal Opinion, Doc. 32, pursuant to Rule 60(d)(3) arguing again that Fay is not being properly credited with earned good time credit.

II.      DISCUSSION

This is the second motion Fay has brought under Rule 60 of the Federal Rules of Civil Procedure. Like Fay's Rule 60(b) motion, this motion under Rule 60(d)(3) is improper and is denied.

The Federal Rules of Civil Procedure apply to civil cases in federal district courts, Fed.

R. Civ. P. 1, but have no applicability in a criminal case such as this one. See United States v. McCalister, 601 F.3d 1086, 1087-88 (10th Cir. 2010) (noting that the Federal Rules of Civil Procedure are not available in criminal proceedings); United States v. Eggleston, 24 F. App'x 656 (8th Cir. 2002) ("Rule 60(b) applies only to civil cases"); United States v. Camacho-Bordes, 94 F.3d 1168, 1171 n.2 (8th Cir. 1996); Fay, 2013 WL 3480897, at *3; United States v. Salter, No. 2:04-CR-20008, 2009 WL 3850147, at *1 (W.D. Ark. Oct. 20, 2009) ("Rule 60 of the Federal Rules of Civil Procedure do[es] not apply in a criminal case."). Statutes such as 28 U.S.C. §§ 2241, 2254, and 2255 provide the avenues and federal jurisdiction to challenge a criminal conviction. Fay's invocation of a Federal Rule of Civil Procedure in this criminal case is altogether mistaken, and thus any motion Fay brings under Rule 60 of the Federal Rules of Civil Procedure must be denied.

Federal inmates are not permitted to file second or successive motions under § 2255 without obtaining certification to do so from a panel of the appropriate court of appeals. 28 U.S.C. § 2255(h). Because the certification requirement is a barrier to successive habeas petitions, petitioners frequently attempt to bypass the certification requirement by filing what is in substance a successive habeas petition "under the guise of a motion for relief from judgment pursuant to Rule 60 . . . ." United States v. Robinson, No. 4:10CR00032001-SWW, 2010 WL 6195749, at * 1 (E.D. Ark. Nov. 26, 2013). These motions are typically brought under Rule 60(b), rather than Rule 60(d)(3). See Boyd, 304 F.3d at 814; Gutierrez v. United States, No. 01-331ADM/AJB, 2013 WL 3380313, at *2 (D. Minn. July 8, 2013). The United States Court of Appeals for the Eighth Circuit recognized that prisoners had begun to use Rule 60(b) motions to avoid the authorization requirement and instructed district courts to employ a screening

procedure on Rule 60(b) motions. Boyd, 304 F.3d at 814. Rule 60(b) is the section that Fay employed in his last attempt to skirt the authorization requirement under § 2255(h) to collaterally attack his conviction yet again. Fay, 2013 WL 3480897, at *1-3.

Fay's present motion is brought under Rule 60(d)(3), not Rule 60(b). Courts that have addressed motions brought under Rule 60(d)(3) by prisoners with previous unsuccessful habeas petitions apply Boyd's screening procedures to the Rule 60(d)(3) motions, just as they do to Rule 60(b) motions. See e.g., Gutierrez, 2013 WL 3380313, *2; Robinson, 2010 WL 6195749, at *1; Alexander. v. United States, No. 4:07CV02103-ERW, 2012 WL 2946567, at *2 (E.D. Mo. July 18, 2012). It makes sense that the analysis of Boyd applies to all motions brought by prisoners in their criminal cases under Rule 60 of the Federal Rules of Civil Procedure regardless of whether the prisoner has invoked Rule 60(b) or Rule 60(d) to assert relief from their conviction and sentence.

"It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure." United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir. 2005) (per curiam). The Eighth Circuit in Boyd created a procedure for district courts to follow in dealing with motions pursuant to Rule 60 filed by prisoners who have previously sought habeas relief:

> [W]e encourage district courts, in dealing with purported Rule 60(b) motions following the dismissal of habeas petitions, to employ a procedure whereby the district court files the purported Rule 60(b) motion and then conducts a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under either 28 U.S.C. § 2255 or § 2254. If the district court determines the Rule

> 60(b) motion is actually a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, may transfer the purported Rule 60(b) motion to the Court of Appeals. Depending on which course of action the district court chooses, the petitioner may either appeal the dismissal of the purported Rule 60(b) motion or, if the district court has elected to transfer the purported 60(b) motion to the Court of Appeals, await the action of the Court of Appeals.

Boyd, 304 F.3d at 814. Fay has not received authorization from the Eighth Circuit to file another § 2255 motion, so Fay's motion under Rule 60(d)(3) may be dismissed if it is effectively a successive habeas petition. Boyd, 304 F.3d at 814. A Rule 60 motion is considered a successive habeas petition if it "'seeks to add a new ground for relief' or it 'attacks the federal court's previous resolution of a claim on the merits.'" Robinson, 2013 WL 6195749, at *1 (quoting Gonzalez v. Crosby, 545 U.S. 524, 532 (2005)).

Any argument that Fay's conviction was improper because, as a tribal member, he was not "subject to the jurisdiction of the United States," is a claim attacking the merits of his conviction. Doc. 29 (internal quotation marks omitted) (citing Elk v. Wilkins, 112 U.S. 94 (1884)). Fay has made these allegations before, and they have been denied in previous habeas petitions. See Fay, 2013 WL 3480897, at *1-2. This portion of the Complaint is dismissed as a successive habeas petition which has not been properly certified and this Court declines to transfer it to the Eighth Circuit.

The bulk of Fay's motion however does not collaterally attack his sentence. Fay spends most of his motion arguing that the Black Hills of South Dakota were improperly taken from the Sioux Nation and, unrelated to that argument, that BOP has not calculated his good time credit. Neither argument is properly brought pursuant to Rule 60(d)(3), and both claims must be

dismissed.

Rule 60 provides a mechanism for relief from a civil judgment or order. Fed R. Civ. P. 60. Rule 60(d)(3) states that Rule 60 "does not limit a court's power to . . . set aside a judgment for fraud on the court." Rule 60(d)(3) is a "savings clause" and motions pursuant to it are not subject to the strict one-year time limitation that limits Rule 60(b) motions. Williams v. Dormire, No. 4:10-CV-1413CAS, 2010 WL 3270111, at *2 (E.D. Mo. Aug. 17, 2010). "The fraud contemplated by Rule 60(d)(3) 'is a wrong against the institutions set up to protect and safeguard the public, institutions in which fraud cannot complacently be tolerated with the good order of society.'" Bewig v. United States, No. 4:05CV635CDP, 2010 WL 4177452, at *2 (E.D. Mo. Oct. 20, 2010) (quoting Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 246 (1944)). Fraud actionable pursuant to Rule 60(d)(3) is "'only the species of fraud which does or attempts to defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." Johnson v. United States, No. 4:07CV000365-ERW, 2011 WL 940841, at *1 (E.D. Mo. Mar. 16, 2011) (quoting Wilson v. Johns-Manville Sales Corp., 873 F.2d 869, 872 (5th Cir. 1989)). This form of fraud must amount to a "material subversion of the legal process . . . ," Williams, 2010 WL 3270111, at *1, and often involves bribery of judicial officers, bribery of jurors, or fabrication of evidence, Johnson, 2011 WL 940841, at *1.

The "indispensable elements" of a proper Rule 60(d)(3) motion in a civil case are as follows:

> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake

> which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law.

Superior Seafoods, Inc. v. Tyson Foods, Inc., 620 F.3d 873, 878 (8th Cir. 2010) (citation omitted). "The extraordinary relief afforded pursuant to Rule 60(d) is more difficult to obtain than relief that might be available through a timely Rule 60(b) motion, but it remains the same type of relief—relief from an otherwise final judgment." Id. The moving party is entitled to relief under Rule 60(d)(3) only after he shows "by clear and convincing evidence that his opponent engaged in a fraud or misrepresentation that prevented the movant from fully and fairly presenting his case." Bewig, 2010 WL 4177452, at *1 (quoting Greiner v. City of Champlin, 152 F.3d 787, 789 (8th Cir. 1998)).

Fay does not at any point in his motion contend that there was fraud on the court related to his Black Hills takings argument. Fay does argue that his motion is proper because of "Fraud Upon the Court . . . through the Attorney General . . . deliberate and willful denial [] and withholding of withholding good time credit." Doc. 29 at 15. Fay then states that "the Fraud spoken of is the Fraud upon this Court in that this Court did not sentence Fay such that his labor is in violation of the 13th Amendment as well as the fact that he was no[t] [duly] convicted when working in UNICOR Federal Prison Industries, Inc. And if his sentence and conviction were legal why the violation of hiring practice resulting in lost extra good time toward sentence[.]" Doc. 29 at 17-18.

Fay's allegations are not proper in a Rule 60(d)(3) motion and he is not entitled to relief. Fay's complaints about improper takings and mistakes in his sentencing credit calculations

7

cannot be considered even under the most liberal construction to be attacking any judgment that this Court has entered. Fay does not allege any impropriety involving this Court at all, or of officers or parties appearing before it. Even if somehow the Rules of Civil Procedure were to apply in Fay's criminal case, Fay's motion fails to satisfy the demanding standard for motions under Rule 60(d)(3) and must be dismissed. Fay also filed some administrative grievances that he attached to this motion. Doc. 29-1 at 1, 3-4, 8-10. His grievances allege problems in BOP's hiring policy and practices, and that he has been denied good time credit. Doc. 29-1 at 1, 3-4, 8-10. A motion under Rule 60(d)(3) is an improper avenue for raising grievances related to BOP's good time calculations and prisoner employee programs. If Fay wishes to challenge BOP's sentence computations, he must exhaust administrative remedies before seeking any type of relief in federal court.

### III.  CONCLUSION

Therefore, it is hereby

ORDERED that Defendant's Motion to Append Memorandum of Law and Legal Opinion, Doc. 32, is granted. It is further

ORDERED that Defendant's Motion Pursuant to Rule 60(d)(3), Doc. 29, is denied.

Dated January 13th, 2014.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE